Andrew Lewinter
OSB # 080031
Andrew Lewinter, Attorney, P.C.
101 E. Broadway, Suite 220
Eugene, OR 97401
Telephone: (541) 686-4900
Facsimile: (541) 686-1300
andrewlewinter@yahoo.com

Alan J. Leiman (OSB No. 980746)
alan@leimanlaw.com
Drew G. Johnson (OSB No. 114289)
drew@leimanlaw.com
LEIMAN & JOHNSON, LLC
44 W. Broadway, Suite 326
Eugene, OR 97401


Attorneys for Plaintiff Maria LaFary

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| **MARIA LAFARY,** an individual<br><br>Plaintiff<br><br>v.<br><br>**SPIRITLEATHERWORKS, LLC**<br><br>Defendant. | Case No.:<br><br>**COMPLAINT**<br>(FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201 *et. seq*.; ORS 652; ORS 653; AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12101 *et seq.;* ORS 659A.112)<br><br>DEMAND FOR JURY TRIAL |

# INTRODUCTION

1.

This action is brought on behalf of Plaintiff Maria LaFary ("Ms. LaFary") for disability discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. and ORS 659A.112, violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and Oregon's Wage and Hour laws, ORS 652 and ORS 653. This action seeks equitable relief, compensatory and liquidated damages, attorney's fees, taxable costs of court, pre- and post-judgment interest for Defendant's willful failure to pay wages, including overtime wages, and other relief pursuant to 29 U.S.C. § 261(b).

2.

Ms. LaFary suffers from Post-Traumatic Stress Disorder that resulted from multiple incidents of rape. Although she requested reasonable accommodations, Defendant refused to provide those accommodations, even going so far as to refuse to engage in the interactive process with Plaintiff to discuss accommodations that may have reasonably accommodated her disability. Defendant thereby violated the Americans with Disabilities Act, 42 U.S.C. § 12112 and ORS 659A.112. This action seeks compensatory and punitive damages for that violation.

3.

Moreover, Ms. LaFary was misclassified as exempt from the overtime provisions of the FLSA during the course of her employment. She was regularly required to work more than 40 hours per workweek ("overtime") without additional compensation. Therefore, she is entitled to unpaid overtime compensation, liquidated damages, penalties, and attorney fees.

///

## JURISDICTION AND VENUE

4.

This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), as this action arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*; 28 U.S.C. §1337, as it arises under acts of Congress regulating commerce 28 U.S.C. §1331; and 42 U.S.C. § 12117, as it arises under the Americans with Disabilities Act. This Court has supplemental jurisdiction over the state claims under 28 U.S.C. § 1367.

5.

The United States District Court for the District of Oregon has personal jurisdiction because the Defendant is an Oregon limited liability company with its principal place of business located in Lane County, Oregon.

6.

Venue is proper in this District Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to this complaint occurred in Lane County, Oregon.

## PARTIES

7.

Plaintiff Maria LaFary is a citizen of Oregon and a resident of Lane County. Ms. LaFary was employed by Defendant Spirit Leatherworks, LLC from October 2013 until Defendant discharged her on January 9, 2017. Ms. LaFary suffers from Post-Traumatic Stress Disorder (PTSD) caused by being raped multiple times as a teenager, by both her father and boyfriend, as well as bipolar disorder, depression, anxiety, and disassociation.

///

8.

Defendant is an Oregon limited liability company. Defendant is subject to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, the Americans with Disabilities Act, 42 U.S.C. § 12111(5) and ORS 659A.112 because Defendant is an "employer" within the meaning of ORS 659A.106.

9.

At all times material to this Complaint, Defendant owned an operation that was an enterprise in interstate commerce or in the production of interstate commerce as defined by the FLSA, 29 U.S.C. § 203(r) and § 203(s). Based upon information and belief, the annual gross sales volume of the Defendant's business was in excess of $500,000.00 per annum at all times material hereto. Alternatively, the Plaintiff worked in interstate commerce so as to fall within the protections of the FLSA.

10.

At all times material hereto, Defendant was an employer of Plaintiff as such term is defined by the FLSA, 29 U.S.C. § 201 *et seq.*, the Americans with Disabilities Act, 42 U.S.C. 12111(5), and ORS 659A.106. Defendant directly or indirectly acted in the interest of an employer towards the Plaintiff at all material times, including without limitation, directly or indirectly controlling all employment terms and conditions of the Plaintiff and Defendant's other employees.

11.

At all material times hereto, Defendant failed to comply with Title 29 U.S.C. §§ 201-209 in that the Plaintiff performed services and labor for Defendant for which Defendant failed to

pay the correct amount of overtime when due. Plaintiff is entitled to liquidated damages for Defendant's willful failure to pay overtime when due.

12.

Costs and reasonable attorney fees may be awarded pursuant to 29 U.S.C. § 261(b), 42 U.S.C. § 12205, Fed. R. Civ. P. 54(d), and ORS 659A.885.

## FACTUAL ALLEGATIONS

13.

At the time Defendant hired Ms. Fary in October 2013, Defendant paid her $29,000 annually. Ms. LaFary's annual pay increased to $36,000 on or about February 20, 2015 and she concurrently received a promotion from the position of EDI Specialist to EDI Coordinator. Ms. LaFary's annual salary increased to $41,000 on or about October 12, 2015 and to $43,000 on or about August 1, 2016. Her annual pay remained $43,000 until her termination.

14.

Throughout Ms. LaFary's employment with Defendant, her primary duty involved the processing of incoming customer orders. This work involved taking orders that had already been placed and uploading them to Defendant's internal order tracking system, and then acting as a liaison between Defendant's sales team and warehouse crew while monitoring order status and the fulfillment and shipping of customer orders.

15.

During her employment, Ms. LaFary was engaged by Defendant to directly support the production and delivery of the goods and services offered by Defendant to its customers.

16.

During the time Ms. LaFary worked under the job title of "EDI Specialist," she functioned as a lead worker – providing limited assistance to the one other less experienced

employee performing a similar job function while still performing the same job duties she had performed since the beginning of her employment with Defendant.

17.

Between October 2013 and January 2017, Defendant employed a total of two EDI employees, including Ms. LaFary.

18.

Ms. LaFary's work required very little discretion or independent judgment, and did not require her to sell or make pricing decisions.

At no time during Plaintiff's employment by Defendant did she have or exercise any authority to hire or fire other employees. Moreover, at no time during Ms. LaFary's employment by Defendant did she actually participate in the hiring or termination of any other employees.

Plaintiff did not exercise discretion or independent judgment with respect to matters of significance related to the management or administration of Defendant's business operations and her work was not directly related to the management or general business operations of Defendant's customers. Ms. LaFary's primary duty included uploading orders to Defendant's internal system and monitoring order status until fulfillment and shipment.

19.

Ms. LaFary was a non-exempt employee under the FLSA. Defendant bears the burden of proving Ms. LaFary was exempt from the overtime provisions of the FLSA and Oregon Wage and Hour Laws.

///

20.

During her employment with Defendant, Ms. LaFary routinely worked in excess of 40 hours in a workweek, yet she was paid the same amount every two weeks (depending on her annual salary at the time) regardless of the number of hours worked each week.

21.

Defendant required Ms. LaFary to work in excess of 40 hours per week including nights and weekends.

22.

Defendant did not require its non-salaried hourly employees to work overtime without additional overtime compensation.

23.

Records showing the precise amount of time worked by Ms. LaFary are in the possession and control of Defendant.

24.

Defendant knew or had reason to know the scope and extent of Ms. LaFary's hours worked because: Defendant required her to work more than 8 hours per day and weekends; it collected weekly work summaries and reports from her; it reviewed weekly performance records; and it produced other productivity reports.

25.

Ms. LaFary informed Defendant that she suffered from PTSD shortly after she began working for Defendant. In May 2016, Ms. LaFary requested the she be allowed to occasionally work from home as an accommodation for her PTSD. She gave Defendant a note from her psychiatric nurse practitioner in support of that request. Defendant had permitted Ms. LaFary to

work from home at times in the past, and Ms. LaFary had performed her tasks well working from home.

26.

After Ms. LaFary requested that she be permitted to work from home in May 2016, Defendant refused to allow her to do that, explaining that it would have to allow all other employees to work from home if it allowed Ms. LaFary to do so. Ms. LaFary asked representatives of Defendant to meet with her to discuss accommodations that would have permitted her to do her job, but they refused.

## **FIRST CLAIM FOR RELIEF**

**(Violation of the Americans with Disabilities Act, 42 U.S.C. § 12112)**

27.

Ms. LaFary re-alleges paragraphs 1-26.

28.

At all times material to this Complaint, Ms. LaFary was a qualified individual with a disability because she suffered from a mental impairment that substantially limited her ability to perform several major life activities, including, but not limited to, being in public, thinking, working, and communicating. Moreover, she was a qualified individual with a disability because she was able to perform the essential functions of her job, with or without reasonable accommodation.

29.

Ms. LaFary was also an individual with a disability within the meaning of 42 U.S.C § 12102 because she was regarded as having a mental impairment, within the meaning of 42 U.S.C. § 12102(3), and because she had a record of a mental impairment.

///

30.

Defendant discriminated against Ms. LaFary on the basis of her disability, in violation of 42 U.S.C. § 12112. That discrimination included, but was not limited to, failing and refusing to engage in the interactive process to reasonably accommodate her disability and failing and refusing to reasonably accommodate her disability.

31.

Ms. LaFary has suffered non-economic damages, including emotional distress, anxiety, humiliation and stress as a result of Defendant's violations of the Americans with Disabilities Act. These damages are continuing. Ms. LaFary is entitled to recover payment for these damages in an amount to be determined by the jury but not to exceed $500,000.

32.

Defendant's actions were taken in bad faith, maliciously, or with reckless indifference to Ms LaFary's rights, entitling her to punitive damages in an amount to be determined by a jury but not to exceed $500,000.

33.

Plaintiff is entitled to reasonable attorney fees and costs, including expert witness fees, pursuant to 42 U.S.C. § 12205. Plaintiff is entitled to pre-judgment and post-judgment interest, pursuant to 28 U.S.C. § 1961.

## SECOND CLAIM FOR RELIEF

**(Violation of ORS 659A.112)**

34.

Ms. LaFary re-alleges paragraphs 1-26.

///

35.

Ms. LaFary was a qualified individual with a disability, within the meaning of ORS 659A.104 and ORS 659A.115.

36.

Defendant was Ms. LaFary's "employer," within the meaning of ORS 659A.106.

37.

Defendant discriminated against Ms. LaFary on the basis of her disability, in violation of ORS 659A.112. That discrimination included, but was not limited to, failing and refusing to engage in the interactive process to reasonably accommodate her disability and failing and refusing to reasonably accommodate her disability.

38.

Ms. LaFary has suffered non-economic damages, including emotional distress, anxiety, humiliation and stress as a result of Defendant's violations of ORS 659A.112. These damages are continuing. Ms. LaFary is entitled to recover payment for these damages in an amount to be determined by the jury.

39.

Defendant's actions were taken in bad faith, maliciously, or with reckless indifference to Ms. LaFary's rights, entitling her to punitive damages pursuant to ORS 659A.885, in an amount to be determined by a jury.

40.

Ms. LaFary is entitled to attorney fees and costs, including expert witness fees, as well as pre-judgment and post-judgment interest, pursuant to ORS 659A.885.

## THIRD CLAIM FOR RELIEF

### (FLSA Overtime Violation - 29 U.S.C § 207)

41.

Ms. LaFary re-alleges paragraphs 1-26.

42.

At all material times Defendant was required to pay the Ms. LaFary in accordance with the overtime provisions of the FLSA.

43.

Ms. LaFary brings this action under § 216(b) of the FLSA against Defendant for unpaid overtime compensation, liquidated damages, and any other available remedy.

44.

During the time she was employed by Defendant, Ms. LaFary regularly worked more than 40 hours in a seven-day workweek and typically worked 10-12 hours per day Monday through Friday, and frequently worked weekends. Despite working more than 40 hours per week, Ms. LaFary only received her annual salary, and was not paid any overtime compensation for those hours.

For example, during the seven-day workweek that included the period January 1 – January 7, 2017, Plaintiff worked not less than 60 hours.

45.

Defendant willfully failed to pay Ms. LaFary at time and one-half regular rate of pay for all hours worked over 40 in a workweek, resulting in the underpayment of overtime to Ms. LaFary.

46.

Defendant has not paid Ms. LaFary the correct amount of overtime wages earned.

47.

Defendant violated §207 of the FLSA when it willfully failed to pay overtime to the Ms. LaFary at one and one-half times her regular rate of pay for all hours worked over 40 in a workweek during the previous three years or the applicable statutory period.

48.

Defendant's failure to pay the Ms. LaFary all overtime earned at one and one-half times the correct regular rate of pay resulted from the following willful acts:

a. Defendant knowingly misclassified Ms. LaFary as exempt from the overtime provisions of the FLSA;

b. Defendant knowingly paid Ms. LaFary a salary based on a 40-hour workweek and did not pay for hours worked over 40 in a workweek regardless of the number of hours actually worked by Ms. LaFary each week;

c. Defendant knowingly paid Ms. LaFary in a manner that resulted in the underpayment of overtime pay to Ms. LaFary.

49.

As a result of Defendant's willful failure to pay the Ms. LaFary all of the overtime she earned each week, the Ms. LaFary has incurred actual damages and is entitled to liquidated damages.

50.

By reason of said intentional, willful, and unlawful acts of Defendant, Ms. LaFary has suffered damages and has also incurred costs and reasonable attorneys' fees.

## FOURTH CLAIM FOR RELIEF

**(Violation of Oregon Final Paycheck Statute, ORS 652.150)**

51.

Ms. LaFary re-alleges paragraphs 1-26.

52.

Defendants violated ORS 652.150 when they failed to pay Ms. LaFary all wages due on termination of employment in violation of ORS 652.150.

53.

Ms. LaFary has been damaged by Defendant's violation of ORS 652.150 and is entitled to her actual damages, penalty wages pursuant to ORS 652.150, as well as pre-judgment and post-judgment interest.

## **JURY TRIAL REQUESTED**

Pursuant to Federal Rule of Civil Procedure 38(b), Ms. LaFary hereby demands a trial by jury as to all issues.

## **DEMAND FOR RELIEF**

**WHEREFORE**, Ms. LaFary prays for the following relief against Defendant:

1. For her lost wages and benefits and other monetary losses in an amount to be determined by the jury at the time of trial, along with prejudgment interest thereon;
2. For non-economic damages in an amount to be determined by the jury at the time of trial;
3. For punitive damages in an amount to be determined by the jury at the time of trial;
4. For reasonable attorney fees and costs incurred herein; and
5. For such other relief as the Court may deem just and proper.

DATED this March 20, 2017

s/ *Andrew Lewinter*
Andrew Lewinter OSB # 080031